HART *v.* HERRING

No. 39908          June 11, 1956          88 So. 2d 108

*Billups & King,* Jackson, for appellant.

*Ray, Spivey & Cain,* Canton, for appellee.

McGehee, C. J.

This is a suit by the husband of the appellee in the case of Mrs. D. L. Herring v. Mrs. Lucille Hart, decided by this Court on October 17, 1955, and reported in 82 So. 2d, at p. 710. The instant suit is for damages claimed by the husband, growing out of the injuries to his wife in the collision between the automobile driven by Mrs. Herring and the Ford pickup truck driven by Mrs. Hart on the occasion referred to in the opinion in the above-mentioned reported case. His claim for damages is based on the fact that the injury sustained by his wife rendered her unable to perform the ordinary duties of a housewife, and on account of the damages to his Ford pickup truck in the said collision.

In the former suit we affirmed a judgment for $10,000 in favor of Mrs. Lucille Hart against Mrs. D. L. Herring, the appellant in the former suit and the appellee in the instant case. In this suit by the husband of Mrs. Hart to recover damages on account of the disability of his injured wife to perform her ordinary household duties, etc., and to recover the damages to his Ford pickup truck involved in the collision that was being driven by his wife at the time thereof, the jury rendered a verdict in favor of the defendant, Mrs. D. L. Herring.

The testimony as to who was at fault in the accident at the intersection was conflicting on the trial of the former suit and was also conflicting on the trial of the instant case. The jury in the trial of the former suit decided on conflicting evidence that the defendant, Mrs. D. L. Herring, was negligent, and the verdict in her favor on the trial in the instant case means that the jury in the instant case decided that the accident was not due to the negligence of Mrs. Herring, but rather to the negligence of Mrs. Hart.

The assignments of error on the present appeal relate to the ruling and to the comments of the trial judge when proof was being offered as to the extent of the disability

of Mrs. Hart; ▮▮ and since we have concluded from the evidence that a jury could have reasonably decided the question of negligence either way, and that therefore the verdict in favor of Mrs. Herring is supported by ample testimony, ▮▮ the question of whether the trial court erred in excluding certain testimony relating to the extent of the disability of Mrs. Hart and as to the extent of the loss of her services as a housewife on account of the injuries sustained by her, becomes immaterial, and that therefore the judgment in favor of Mrs. Herring here appealed from should be affirmed.

Affirmed.

All justices concur, except *Hall, J.,* dissents and *Holmes, J.,* took no part.

GILLESPIE, J., specially concurring.

We are urged to reverse this case on the ground that the verdict is against the overwhelming weight of the evidence. If there is any merit in this contention, it must be based on the fact that the proof shows conclusively that Mrs. Herring's automobile was damaged on the front end while Mrs. Hart's truck was damaged on the left side, which might indicate that Mrs. Herring ran into Mrs. Hart's truck. All the facts should be considered together. The damage to the respective vehicles should be considered with the other proof in determining which driver was negligent.

The jury had these undisputed facts before it: Mrs. Hart was traveling north on Wheatley Street. Mrs. Herring was traveling east on School Street. Wheatley Street carried more traffic than School Street, but the intersection was not controlled by any sign, light, or other regulation. Mrs. Herring stopped before entering the intersection. Mrs. Hart entered the intersection traveling 25 or 30 miles per hour, according to her own testimony. The intersection is 18 or 20 feet square. Mrs. Hart's

truck turned over two and one-half times and came to rest 40 to 60 feet north of the intersection. In other words, Mrs. Hart's truck was carried by its own momentum in the same direction it was traveling when the two automobiles collided. Mrs. Herring's automobile came to rest in the intersection after being turned north, the direction Mrs. Hart was traveling. Mrs. Hart's truck was damaged on its left side. Mrs. Herring's automobile was damaged on its front end, but the photograph of the Herring vehicle clearly reveals that the force of the impact was from right to left, and the center bumper guard is shown to have been stripped from the center of the bumper over to the left end of the bumper, and the fenders, grill and hood show that the force of the impact was from right to left.

This additional evidence was before the jury: Mrs. Herring testified that after stopping at the intersection she started forward in low gear and that she could not see to the north and south until she got into the intersection; that when she got in the intersection the acciden happened. Mrs. Hart, as stated, admitted that she entered the intersection traveling 25 or 30 miles per hour. One witness testified that Mrs. Hart said she was hurrying to the store to get something for dinner.

With all this evidence before it, the jury was fully justified in finding (1) that Mrs. Herring first entered the intersection, (2) that she did so in as careful a manner as one reasonably could, having first brought her car to a stop, (3) that Mrs. Hart entered the blind, uncontrolled intersection at 25 or 30 miles per hour after it had first been entered by Mrs. Herring's automobile, (4) that the left side of Mrs. Hart's vehicle sideswiped the front end of the Herring automobile with most of the force of the impact from south to north, the direction Mrs. Hart was traveling, and (5) that the sole cause of the accident was the negligence of Mrs. Hart.

The damage to the front end of Mrs. Herring's automobile and the left side of Mrs. Hart's is entirely consistent with Mrs. Herring's exoneration. The respective parts of the automobile that were damaged is pertinent, but not controlling. Such physical facts should be considered with all the other proof in determining the question of negligence in such accident.

HALL, J., dissenting.

After the verdict in the lower court the appellant filed a motion for a new trial which was overruled. The first ground of the motion is that the verdict of the jury is contrary to the overwhelming weight of the evidence and contrary to the law. The same assignment is made in the assignment of errors in this Court and is argued in the brief for appellant, but for some reason is not mentioned in the controlling opinion.

It will be remembered that the defendant Mrs. Herring was traveling east on School Street and Mrs. Hart was traveling north on Wheatley Street. As the first witness in the trial, Mrs. Herring was called adversely for cross-examination. Twice on page 5 of the court reporter's transcript she testified that the pickup truck driven by Mrs. Hart "hit the left hand side of my car". This of course was an impossibility in view of the directions in which the two cars were traveling. Finally on the direct examination by her own attorney, under a very leading question, this appears: "Q. In other words, you were hit on the righthand side of the car rather than the left side of the car? A. Oh, yes, sir." Two mechanics testified. One of them having inspected the pickup truck at the scene of the accident and having moved it out of the road said positively that the pickup truck was struck from the back of the left front fender and on the left door, and he further said that there was no damage whatsoever to the front of the truck. The hood, the bumper, the grillwork, the front of the front fenders, the radiator

and the headlights were all in tact. The mechanic in Jackson who repaired the truck testified positively that it was struck on the left side "on the left door". He identified the bill for repairs to pickup and it does not show any repairs whatsoever to the front part of the truck. A list of all the parts furnished is in the record and it does not show that any windshield, or grillwork, or radiator, or headlights had to be replaced. A photograph of the car driven by Mrs. Herring appears in the record and it shows that the entire front end of the Ford car operated by her was smashed up and it does not show any injury or damage to the right side of the automobile. It is therefore in my opinion absolutely unreasonable to hold that the testimony of Mrs. Herring is sufficient to uphold the verdict in this case. I think that her testimony is contrary to the overwhelming weight of the evidence and that the verdict of the jury is contrary to the law and contrary to the overwhelming weight of the evidence. For this reason I respectfully dissent from the holding of the majority and I think that the judgment appealed from should be reversed and remanded.